FILED BY FAX

AKIN GUMP STRAUSS HAUER & FELD LLP
Roland M. Juarez (CA SBN 160793)
Marcia N. Jackson (CA SBN 173682)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675
Telephone:    (214) 969-2800
Facsimile:    (214) 969-4343

**ENDORSED
FILED
ALAMEDA COUNTY**

MAR 2 8 2003

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

Akin Gump Strauss Hauer & Feld llp
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

## CALIFORNIA SUPERIOR COURT

### COUNTY OF ALAMEDA

KAREN CRAIG,

      Plaintiff,

      vs.

PIER 1 IMPORTS (U.S.), INC.
and DOES 1-50, Inclusive,

      Defendants.

Case No. 2002075201

**ANSWER OF DEFENDANT PIER 1
IMPORTS (U.S.), INC. TO PLAINTIFF'S
UNVERIFIED COMPLAINT FOR
PRELIMINARY AND PERMANENT
INJUNCTIVE RELIEF AND DAMAGES**

TO: PLAINTIFF KAREN CRAIG AND HER ATTORNEY OF RECORD, ROBERT G.
SCHOCK, LAW OFFICE OF ROBERT G. SCHOCK, 1970 BROADWAY, SUITE 1200,
OAKLAND, CALIFORNIA 94612.

     Defendant Pier 1 Imports (U.S.), Inc. (incorrectly sued as "Pier 1 Imports")

("Defendant" or "Pier 1"), for itself alone and no other defendant, responds to Plaintiff Karen

Craig's ("Plaintiff" or "Craig") unverified Complaint as follows:

EXHIBIT A p.1

Document Prepared
on Recycled Paper

ANSWER OF DEFENDANT PIER 1 IMPORTS (U.S.), INC. TO PLAINTIFF'S UNVERIFIED
COMPLAINT

# I. GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally and specifically denies each and every allegation in the unverified Complaint, and further specifically denies that Plaintiff has been or will be damaged in any amount, or at all, by reason of any act or omission on the part of Defendant, or any of Defendant's agents or employees.

# II. AFFIRMATIVE DEFENSES

Defendant pleads the following separate and affirmative defenses to the Complaint:

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

1.     The Complaint, and each cause of action stated therein, fails to state a claim upon which relief may be granted.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2.     Some or all of Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure Sections 338 and 340(3).

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3.     Plaintiff lacks standing and/or capacity to assert some or all of the claims alleged in the Complaint.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4.     Some or all of Plaintiff's claims are barred because said claims are preempted by federal and/or state law.

EXHIBIT A  p. 2

Akin Gump Strauss Hauer & Feld llp
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

Document Prepared
n Recycled Paper

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5.      Some or all of Plaintiff's claims are barred and/or Plaintiff's requested relief should be limited because Pier 1 has at all times relied in good faith upon, and acted in conformity with, the implementing standards and guidelines of Title III of the Americans with Disabilities Act and applicable state law and regulations, pronouncements from federal and state agencies, and state and local approvals. Accordingly, granting some or all of the relief sought by Plaintiff would violate due process under state and/or federal constitutions and public policy.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6.      Some or all of Plaintiff's claims are barred because the relief Plaintiff requests is: (a) not required by law, (b) unreasonable, (c) not readily achievable, (d) structurally infeasible, (e) would impose an undue burden and cause a hardship, and/or (f) may jeopardize the health and safety of customers.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7.      Some or all of Plaintiff's claims are barred because the relief Plaintiff requests would, if granted, fundamentally alter the Store and/or the nature of the goods or services provided by Pier 1.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8.      Some or all of the claims in the Complaint are moot because Pier 1 is and/or has been in compliance with the laws, statutes, and regulations stated in Plaintiff's Complaint.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9.      Some or all of Plaintiff's claims are barred because, in the context of this lawsuit, they are predicated on unconstitutionally vague and/or overly broad interpretations of

AKIN Gump Strauss Hauer & Feld llp
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

EXHIBIT A p.3

Akin Gump Strauss Hauer & Feld LLP
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

1  regulations, and laws or, alternatively, the applicable regulations or laws themselves are

2  unconstitutionally vague and/or overbroad.

3  ## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

4  
5  10.    Defendant is informed and believes and thereon alleges that any damages

6  allegedly sustained by Plaintiff were caused by the action and/or omissions of someone other

7  than Defendant over whom Defendant had no control.

8  ## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

9  
10  11.    Plaintiff has failed to allege facts sufficient to entitle Plaintiff to recover

11  attorneys' fees or punitive damages against Pier 1. Pier 1's actions, with respect to the subject

12  matter of this lawsuit, were undertaken in good faith, with the absence of malicious intent, and

13  constituted a privileged, lawful, proper, and justified means to further the sole purpose of Pier 1

14  to engage and continue its business.

15  ## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

16  
17  12.    The Complaint, and each and every purported claim for relief therein, are vague,

18  uncertain and ambiguous.

19  ## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20  
21  13.    Some or all of Plaintiff's claims are barred by the doctrines of consent, waiver,

21  estoppel, unclean hands, and/or laches.

22  
23  ## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

24  14.    Some or all of Plaintiff's claims are barred by the doctrines of justification

25  and/or excuse.

26  
27  
28  

Document Prepared
n Recycled Paper

EXHIBIT A  p. 4

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15. Some or all of Plaintiff's claims are barred because Plaintiff has failed to mitigate damages.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16. If relief is granted, it should be granted prospectively only.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17. To the extent, if any, Plaintiff is entitled to any damages, the damages may not exceed the nature of damages, or amount of damages, imposed by statutory or common law limitations and caps contained in applicable federal and state law.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint asserts claims for relief that are duplicative and based upon the same alleged facts, and Plaintiff is precluded from recovering damages on duplicative claims for relief.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19. Granting some or all of Plaintiff's relief would violate the Administrative Procedures Act.

Pier 1 currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Pier 1 thus reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Pier 1 prays for judgment as follows:

1. That the Complaint, and each purported cause of action, be dismissed with prejudice, and judgment be entered in favor of Defendant;

Document Prepared
Recycled Paper

Case3:03-cv-01409   Document1-1   Filed04/02/03   Page6 of 30

2.    That Plaintiff take nothing by virtue of this action;

3.    For costs of suit and attorneys' fees incurred herein; and

4.    For such other and further relief as the Court may deem proper.

DATED: March 28, 2003             AKIN GUMP STRAUSS HAUER & FELD LLP
                                  Roland M. Juarez
                                  Marcia N. Jackson

                                  By:
                                            Roland M. Juarez

                                  Attorneys for Defendants
                                  PIER 1 IMPORTS (U.S.), INC.

EXHIBIT A p.6

**PROOF OF SERVICE**

STATE OF TEXAS, COUNTY OF DALLAS

I am employed in the County of Dallas, State of Texas. I am over the age of 18 and not a party to the within action; my business address is: 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201. On March 28, 2003, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT PIER 1 IMPORTS (U.S.), INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES** on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes ☐ as follows: ☐ as stated on the attached mailing list:

> Robert G. Schock
> Law Office of Robert G. Schock
> 1970 Broadway, Suite 1200
> Oakland, CA 94612

☒ **BY MAIL** *(C.C.P. § 1013(a))* I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. postal service. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ **BY EXPRESS MAIL** *(C.C.P. § 1013(c))* I am readily familiar with the firm's practice of collection and processing correspondence for mailing with Federal Express. Under that practice it would be deposited with Federal Express on that same day thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ **BY PERSONAL SERVICE** *(C.C.P. 1011(a); Los Angeles County Local Rule 9.8(d))* I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 28, 2003 at Dallas, Texas.

Marcia Nelson Jackson            [Signature]

EXHIBIT _A_ p. 7

Law Offices of Robert G. Schock          Pier 1 Imports
Attn: Schock, Robert G.
1970 Broadway
Suite 1200
Oakland, CA   94612-____

## Superior Court of California, County of Alameda

| Craig | |
|---|---|
| | **Plaintiff(s)** |
| VS. | |
| Pier 1 Imports | |
| | **Defendant(s)** |
| (Abbreviated Title) | |

No. **2002075201**

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **04/18/2003**<br>Time: **08:45 AM** | Department: **2**<br>Location: **Rene C. Davidson Alameda County<br>Courthouse<br>Third Floor<br>1225 Fallon Street, Oakland  94612**<br>Internet: **http://www.co.alameda.ca.us/courts/** | Judge: **Cecilia P. Castellanos**<br>Clerk: **May Choo**<br>Clerk telephone: **(510) 272-6043**<br>E-mail: **Dept.2@co.alameda.ca.us** |
|---|---|---|

### ORDERS

1. You must:
    a. **Serve all named defendants and file proofs of service** on those defendants with the court within 60 days of the filing of the complaint (CRC 201.7);
    b. **Give notice** of this conference to any party not included in this notice and file proof of service;
    c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(e) no later than **30** calendar days before the date set for the Case Management Conference;
    d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 212(c))

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 227. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Case Management judge will issue orders at the conclusion of the conference that should include:
    a. Referring to ADR and setting an ADR completion date
    b. Dismissing or severing claims or parties
    c. Setting a trial date.

5. The Case Management judge may be the trial judge in this case.

*Telephonic appearances at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1 (888) 527-7327, or faxing a service request to 1(800) 833-5133. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/11/2003.

By _____

Deputy Clerk

EXHIBIT ___A___ p.8

1   ROBERT G. SCHOCK   State Bar No. 37682
    LAW OFFICE OF ROBERT G. SCHOCK
2   1970 Broadway, Suite 1200
    Oakland, CA 94612
3   (510) 839-7722
    Facsimile (510) 839-7752
4
    Attorney for Plaintiff
5   KAREN CRAIG

6

7

8

9                    CALIFORNIA SUPERIOR COURT

10                      COUNTY OF ALAMEDA

11
    KAREN CRAIG,                        CASE NO.   2 0 0 2 0 7 5 2 0 1
12                                      Civil Rights
                 Plaintiff,
13                                      COMPLAINT FOR PRELIMINARY
        vs.                             AND PERMANENT INJUNCTIVE
14                                      RELIEF AND DAMAGES: DENIAL
    PIER 1 IMPORTS and DOES 1-50, Inclusive,   OF CIVIL RIGHTS AND PUBLIC
15                                      FACILITIES TO PHYSICALLY
                 Defendants.            HANDICAPPED PERSONS,
16                                      (§§51,54,54.1,55 CALIFORNIA CIVIL
                                        CODE; §19955ff CALIFORNIA
17                                      HEALTH & SAFETY CODE);
                                        TITLE III OF THE AMERICANS
18                                      WITH DISABILITIES ACT OF 1990
                                   /
19

20      Plaintiffs KAREN CRAIG complains of Defendants PIER ONE IMPORTS and DOES 1-50,

21   Inclusive, and allege as follows:

22

23                       FIRST CAUSE OF ACTION:

24          DAMAGES FOR DENIAL OF FULL AND EQUAL
               ACCESS TO A PUBLIC ACCOMMODATION
25
        COMES NOW plaintiff KAREN CRAIG and for a First Cause of Action against defendants,
26

27                              -1-

28                          COMPLAINT

ENDORSED
FILED
ALAMEDA COUNTY

DEC 1 0 2002

CLERK OF THE SUPERIOR COURT
By S. Jonge, Deputy

EXHIBIT A  p.9

1  and each of them, alleges as follows:

2

3                                    I.

4       Plaintiff KAREN CRAIG is a "person with disabilities, a " physically "handicapped" person,

5  who requires use of a wheelchair for mobility.   (Hereinafter, the words "physically handicapped"

6  and "physically disabled" are used interchangeably as these words have similar or identical common

7  usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term

8  "physically handicapped persons" and the Unruh Civil Rights Act, §51, 52, 54.1 and 54.3 and other

9  statutory measures refer to the protection of the rights of "individuals with disabilities.").  Plaintiff

10 KAREN CRAIG requires the use of a wheelchair for locomotion and is unable to use portions of

11 public facilities which are not accessible to persons requiring the use of wheelchairs.

12

13                                   II.

14      Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the

15 real property which is the subject of this action is located in Alameda County and Contra Costa

16 County and one of plaintiff's cause of action arose in this venue.

17

18                                  III.

19      Defendants PIER 1 IMPORTS, INC.  and DOES 1-20 are the owners and operators of

20 defendant PIER 1 IMPORTS,  located at 1824 University Avenue, City of Berkeley, Alameda

21 County and 7000 El Cerrito Plaza, City of El Cerrito, Contra Costa County, California.  These

22 buildings are a "public accommodation or facility" subject to the requirements of California Health

23 & Safety Code §19955 et seq. and of the California Civil Code, §54, et seq.  Such facilities were

24 newly constructed after July 1, 1970, and subsequently underwent "alterations, structural repairs, or

25 additions," all subjecting such restaurant to handicapped access requirements per §19955 through

26 §19959 California Health & Safety Code.

27                                   -2-

28                             **COMPLAINT**

IV.

Defendants have failed and refused to provide proper access to facilities which are accessible to and usable by disabled wheelchair users, despite their obligations under California and federal laws, including California's Civil Rights Acts and the federal Americans With Disabilities Act of 1990.  As a result, plaintiff has suffered damages, and seeks an injunction to require accessible facilities for disabled persons as required by law.

V.

Plaintiff KAREN CRAIG  and other similarly situated physically disabled persons requiring the use of wheelchairs are unable to use public facilities on a "full and equal" basis unless such facilities are in compliance with the provisions of the Health & Safety Code §19955 et seq.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code.  The acts and omissions of Defendants complained of herein were committed in the City of Berkeley, County of Alameda,  State of California and City of El Cerrito, County of Contra Costa, State of California.

VI.

Health & Safety Code  §19955 was enacted, effective July 1970, "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code."  Such public accommodations are defined to include retail stores. Health & Safety Code §19955 also requires that, "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped."  Title 24, California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus additionally requiring access when each such "alteration, structural repair or addition" is carried out, (in addition to the §19959

-3-

**COMPLAINT**

EXHIBIT A  P. 11

1   Health & Safety Code requirements in effect since 1970), and which imposes additional access

2   requirements with which defendants have not complied.  Between July 1, 1970 and July 1, 1982

3   requirements of the American Standards Association (ASA) applied as to each such alteration,

4   structural repair or addition.

5

6                                    VII.

7          At all times herein relevant, defendants and each of them were the owners and operators of

8   the subject stores.  Plaintiff is informed and believes that each of the Defendants herein is the agent,

9   employee or representative of each of the other Defendants, and performed all acts and omissions

10  stated herein within the scope of such agency or employment or representative capacity and is

11  responsible in some manner for the acts and omissions of the other Defendants in proximately

12  causing the damages complained of herein.  Further, all such defendants have acted pursuant to a

13  joint venture and common enterprise, and share liability for the acts and omissions of their joint

14  venturers.

15

16                                   VIII.

17         On or about December 18, 2001, January 21, 2002, February 8, 2002, December 9, 2002

18  and on an unknown date, plaintiff KAREN CRAIG was a paying customer and guest at PIER 1

19  IMPORTS located at 1824 University Avenue, City of Berkeley, Alameda County and 7000 El

20  Cerrito Plaza, City of El Cerrito, Contra Costa County, California.  After entering said premises, she

21  attempted to access the aisles to shop.  Unfortunately, plaintiff could not access the aisles and goods.

22  Contrary to the requirements of §19955 Health & Safety Code since 1970, PIER 1 IMPORTS were

23  built and altered and modified since 1970 without providing access to their aisles and products for

24  sale.

25

26

27                                   -4-

28                                COMPLAINT

EXHIBIT A  p. 12

IX.

Plaintiff KAREN CRAIG was never able to access all the aisles that other persons could.  As a result of this denial of access to the aisles and the store products for sale, plaintiff was suffering physical and emotional discomfort.

X.

The features of PIER 1 IMPORTS failed to comply with access requirements in effect at all times relevant to this Complaint: at the time of the construction of this store; at the time of subsequent "alterations, structural repairs and additions" which triggered access per §19959 Health & Safety Code, and pursuant to Title 24 of the California Code of Regulations; on the dates of plaintiff's visits on December 18, 2001, January 21, 2002, February 8, 2002, December 9, 2002 and an unknown date, and up to the time of filing of this Complaint,  all according to proof.  On information and belief, other portions of these stores and their premises also failed and continue to fail to provide legally required access to disabled persons who use wheelchairs, (hereinafter also "non-ambulatory" disabled persons), including but not limited to the height of the service counters.

XI.

As a result of the denial of full and equal access to the facilities of PIER 1 IMPORTS  due to the acts and omissions of defendants,  and each of them, in building, owning, altering, maintaining and operating the subject facility, plaintiff suffered a violation of her Civil Rights on the aforementioned dates, including but not limited to rights under §54.1 Civil Code, and suffered physical discomfort and pain, mental and emotional shock, emotional distress, embarrassment and humiliation, all to her damage as hereinafter stated.  Defendant's actions and omissions to act constituted discrimination against plaintiff on the sole basis that she was physically disabled and unable, because of the architectural barriers created by the defendants in violation of the subject laws, to use the aisles to visualize and purchase items at PIER 1 IMPORTS on a full and equal basis

-5-

**COMPLAINT**

EXHIBIT A  p. 13

1  as other persons.

2

3

4                                    XII.

5         As a result of Defendants' acts and omissions in this regard, plaintiff has been required to

6  incur legal expenses and attorney fees, as provided by statute, in order to enforce his rights and to

7  enforce provisions of the law protecting access for disabled persons and prohibiting discrimination

8  against disabled persons. Plaintiff therefore seeks damages in this lawsuit for recovery of all

9  reasonable attorney fees, pursuant to the provisions of §54.3 Civil Code. Additionally, plaintiff's

10 lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to force

11 defendants to make their facilities "accessible to" and "usable by" all disabled members of the

12 public, justifying "public interest" attorney fees pursuant to the provisions of §1021.5 Code of Civil

13 Procedure.

14

15                                   XIII.

16        On information and belief, the acts and omissions of defendants are further evidenced by

17 their failure to provide accessible aisles despite knowledge of this problem and, on information and

18 belief, despite prior complaints about this problem. Defendant's refusal to provide a handicapped

19 accessible aisles, so that the merchandise could be visualized and purchased by disabled persons,

20 indicates implied malice toward plaintiff and despicable conduct carried on by defendants with a

21 willful and conscious disregard for the rights and safety of plaintiff and of other disabled persons,

22 and justify exemplary damages pursuant to §3294 Civil Code, in an amount sufficient to make an

23 example of defendants and to punish defendants.

24        Wherefore plaintiff prays for damages as hereinafter set forth:

25

26

27                                   -6-

28                              COMPLAINT

EXHIBIT A  P. 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND CAUSE OF ACTION
VIOLATIONS OF Plaintiff'S CIVIL RIGHTS (§51 Civil Code)

Plaintiff repleads and incorporates by reference, as if fully set forth again herein, all of the allegations contained in the First Cause of Action and incorporates them herein as if separately repled.

I.

Defendants' acts and omissions have denied plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment as prohibited by Civil Code §51.

II.

Each violation of the standards of Title III of the Americans With Disabilities Act of 1990 after January 1, 1993, as described in more detail in the paragraphs of the Fourth Cause of Action herein, *infra*, which are incorporated herein into this paragraph, also constitutes a violation of §51 Civil Code.

III.

On information and belief, at all times relevant herein after January 1, 1993, it was "readily achievable" under the standards of Title III (Public Accommodations) of the "ADA" standards incorporated into the requirements of California Civil Code §51, for defendants and each of them to have removed the access barriers complained of sufficiently to allow full and equal enjoyment of the goods, services, facilities, and accommodations of this public facility.  Defendants have at all times herein mentioned been in violation of the standards of §§301 and 302, 42 USC §12182 of the ADA, and in violation of California Civil Code §51 which incorporates any violation of Title III of the ADA, including but not limited to §302(b)(2)(a)(iv) and (v), and related ADA and "ADAAG"

-7-

**COMPLAINT**

EXHIBIT A  p. 15

1  regulations, into the requirements of and as a violation of California law, including Civil Code §51.

2

3                                      IV.

4      As a result of the violation of plaintiff's Civil Rights as hereinabove described, plaintiff has

5  suffered general damages, emotional distress and incurred reasonable attorney's fees according to

6  proof, all to his damage, and is entitled to the remedies of Civil Code §§52 and 55.

7

8                          THIRD CAUSE OF ACTION
                    INJUNCTIVE RELIEF - VIOLATION OF HEALTH &
9                   SAFETY CODE §19953 and CIVIL CODE §55

10

11     Comes now plaintiff KAREN CRAIG and for a Third Cause of Action against defendants,

12  and each of them, for damages for a violation of Civil Rights and for injunctive relief alleges as

13  follows:

14

15                                      I.

16     Plaintiff hereby repleads the entirety of the First and Second Causes of Action and

17  incorporates them herein by reference as if separately repled.

18

19                                      II.

20     The acts and omissions of defendants as complained of herein are continuing on a day by day

21  basis to have the effect of wrongfully and wilfully excluding plaintiff and other members of the

22  public who are physically handicapped wheelchair users from full and equal access to those stores

23  known as PIER 1 IMPORTS. Such acts and omissions are the cause of humiliation and mental and

24  emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and

25  second class citizen and serve to discriminate against her on the sole basis that she is a person with

26  disabilities and requires the use of a wheelchair for movement in public places. So long as such acts

27                                     -8-

28                                 COMPLAINT

EXHIBIT A  p. 16

1 and omissions of defendants continue, plaintiff is unable to achieve equal access to and use of these

2 stores. The acts of defendants have proximately caused and will continue to cause irreparable injury

3 to plaintiff if not enjoined by this court.

4

5                      III.

6       Wherefore plaintiff asks this court to preliminarily and permanently enjoin the continuing

7 refusal by defendants to grant such access to plaintiff and to require defendants to comply forthwith

8 with the applicable statutory requirements relating to access for the handicapped. Such injunctive

9 relief is provided by §19953 Health & Safety Code and California Civil Code §55. Plaintiff further

10 requests that the court award statutory costs and attorney fees to plaintiff pursuant to Health &

11 Safety Code §19953 and Civil Code §55, all as hereinafter prayed for.

12       Wherefore Plaintiff prays for damages as hereinafter set forth.

13

14

15                   <u>FOURTH CAUSE OF ACTION</u>
                 VIOLATION OF THE AMERICANS WITH

16               DISABILITIES ACT OF 1990, 42 USC §12101FF

17                       I.

18       Plaintiff hereby repleads the entirety of the First, Second, and Third Causes of Action and

19 incorporates them herein by reference as if separately repled.

20

21                      II.

22       Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

23 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43

24 million Americans with one or more physical or mental disabilities; that historically society has

25 tended to isolate and segregate individuals with disabilities", and that "such forms of discrimination

26 against individuals with disabilities continue to be a serious and pervasive social problem; that the

27                     -9-

28                 COMPLAINT

EXHIBIT A    p. 17

1  nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full

2  participation, independent living and economic self sufficiency for such individuals; and that the

3  continuing existence of unfair and unnecessary discrimination and prejudice denies people with

4  disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which

5  our free society is justifiably famous."

6

7                                    III.

8      Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

9  §12101(b))

10         It is the purpose of this act
           (1) to provide a clear and comprehensive national mandate for the elimination of
11         discrimination against individuals with disabilities; (2) to provide clear, strong,
           consistent, enforceable standards addressing discrimination against individuals with
12         disabilities; (3) to ensure that the Federal government plays a central role in enforcing
           the standards established in this act on behalf of individuals with disabilities; and (4)
13         to invoke the sweep of Congressional authority, including the power to enforce the
           14th Amendment and to regulate commerce, in order to address the major areas of
14         discrimination faced day to day by people with disabilities.

15

16                                   IV.

17     As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the

18  "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private

19  Entities" (42 USC 12181ff).

20

21                                    V.

22     Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis

23  of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

24  or accommodations of any place of public accommodation by any person who owns, leases, (or

25  leases to), or operates a place of public accommodation."

26

27                                   -10-

28                                COMPLAINT

EXHIBIT A p. 18

## VI.

Among the specific prohibitions against discrimination were included, in §302(b)(2)(a)(iv), "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;" and (v) "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts of Defendants set forth herein were a violation of Plaintiff's rights under the "ADA", Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

## VII.

The removal of each of the barriers complained of by plaintiff KAREN CRAIG as hereinabove alleged were at all times since plaintiff's first visit to the premises "readily achievable". On information and belief, removal of each of the barriers to access complained of herein, including access to the aisles, were "readily achievable" for defendants in light of their financial resources, and the resources of each "parent company" owner or operator, pursuant to the Americans With Disabilities Act of 1990 (ADA) and to the regulations promulgated pursuant to the ADA.

## VIII.

Per §301(9), 42 USC 12181, "The term `readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense."  Plaintiff alleges that removal of each of the access barriers plaintiff has complained about hereinabove would have been and continues to be "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Further, (per §302(b)(2)(A)(v)), if it was not "readily achievable" for defendants to remove all such barriers, Defendants have failed to make the required services available through alternative methods, and such methods are readily achievable.

-11-

**COMPLAINT**

EXHIBIT A  P. 19

IX.

Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302.

X.

Plaintiff has had a representative visit the facilities on November 15, 2002 and returned to defendant's PIER 1 IMPORTS facilities on December 9, 2002 and has found that the barriers to full and equal access complained of hereinabove have not been remedied. Per §308(a)(1) (42 USC 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to the PIER 1 IMPORTS facilities since December 9, 2002, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other disabled persons to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

XI.

Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Further, plaintiff seeks attorney fees, and litigation expenses and costs, pursuant to §505 of Title III of the ADA.

Wherefore plaintiff KAREN CRAIG prays for damages as follows:

-12-

**COMPLAINT**

EXHIBIT A   P. 20

## FIRST CAUSE OF ACTION

1.  General and compensatory damages according to proof;

2.  Special and consequential damages according to proof;

3.  Punitive and exemplary damages in an amount sufficient to deter such wrongful conduct and make an example of defendants, pursuant to §3294 Civil Code;

4.  For attorney's fees pursuant to §54.3 Code of Civil Procedure and §1021.5 Code of Civil Procedure;

5.  For all costs of suit;

6.  For pre-judgment interest pursuant to §3291 Civil Code;

7.  Such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION - §51 CIVIL CODE

1.  General and compensatory damages according to  proof;

2.  All damages as afforded by Civil Code §52 for each day on which defendants have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or services in any business establishment or have otherwise denied to plaintiffs equal access for the disabled;

3.  Attorney's fees pursuant to §52 Civil Code;

4.  Punitive damages pursuant to §3294 Civil Code;

5.  For all costs of suit;

6.  Pre-judgment interest pursuant to §3291 of the Civil Code;

7.  Such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

1.      For injunctive relief prohibiting operation of this restaurant as a public accommodation until it provides full and equal access to handicapped persons, and requiring that such access be immediately provided;

-13-

**COMPLAINT**

EXHIBIT A   p. 21

1        2.     For attorney's fees pursuant to §55 Civil Code, §19953 Health & Safety Code, and

2 §1021.5 Code of Civil Procedure;

3        3.     For all costs of suit;

4        4.     For such other and further relief as the court may deem proper.

5

6                                <u>FOURTH CAUSE OF ACTION</u>

7        1.     For injunctive relief ordering defendants to alter the facilities to make such facilities

8 accessible to and usable by individuals with disabilities, per §308 of Title III of the ADA;

9        2.     For attorney's fees and costs of suit, per §505 of Title III of the Americans With

10 Disabilities Act of 1990;

11        3.     For such other and further relief as the court may deem proper.

12

13

14 DATED:       December 10, 2002         LAW OFFICE OF ROBERT G. SCHOCK

15

16

17                            ROBERT G. SCHOCK

18                            Attorney for Plaintiff KAREN CRAIG

19

20

21

22

23

24

25

26

27                                      -14-

28                                COMPLAINT

EXHIBIT A   p.22

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
Pier 1 Imports and DOES 1-50, Inclusive

FOR COURT USE ONLY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
Karen Craig

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*

CASE NUMBER *(Número del Caso)*
**2002075201**

Superior Court of California, County of Alameda,
1225 Fallon Street
1225 Fallon St., #209
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Robert G. Schock (Bar # 37682)

Law Offices of Robert G. Schock
1970 Broadway, Suite 1200, Oakland, CA 94612

Phone No. (510) 839-7722
Fax No. (510) 839-7752

DATE
*(Fecha)* **DEC 1 0 2002**

ARTHUR SIMS
EXECUTIVE OFFICER/CLERK

Clerk, by _____, Deputy
*(Actuano)* *(Delegado)*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
☐ other:
4. ☐ by personal delivery on *(date):*

Form Adopted by Rule 982
Judicial Council of California
982.a 9h. Rev. January 1, 1984]
Judicial Council Forms for HotDocs
Mandatory Form

**(See reverse for Proof of Service)**
SUMMONS

EXHIBIT_A

P.23

## PROOF OF SERVICE — SUMMONS
### (Use separate proof of service for each person served)

1. I served the
   a. ☒ summons   ☒ complaint   ☐ amended summons   ☐ amended complaint
      ☐ completed and blank Case Questionnaires   ☒ Other (specify): ADR Information Package

   b. on defendant (name):

   c. by serving   ☒ defendant   ☐ other (name and title or relationship to person served):

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☒ by mailing
      (1) date: December 13, 2002
      (2) place: Oakland, CA

2. Manner of service (check proper box):
   a. ☐ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid addressed to the sender. (CCP 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☒ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid requiring a return receipt) copies to the person served. (CCP 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other (specify code section):
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ on behalf of (specify):
      under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)   ☐ other
             ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on (date):

4. At the time of service I was at least 18 years of age and not a party to this action.

5. Fee for service:  $

6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☒ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 7, 2003

▶ Trika Hernandez
SIGNATURE

**(For California sheriff, marshal, or constable use only)**
I certify that the foregoing is true and correct.

Date:

▶ _____
SIGNATURE

EXHIBIT A

p.24

1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   Roland M. Juarez (CA SBN 160793)
2  1700 Pacific Avenue, Suite 4100
   Dallas, Texas 75201-4675
3  Telephone:    (214) 969-2800
   Facsimile:    (214) 969-4343
4
   Attorneys for Defendant
5  PIER 1 IMPORTS (U.S.) INC.

6

7                    **CALIFORNIA SUPERIOR COURT**

8                       **COUNTY OF ALAMEDA**

9

10  **KAREN CRAIG,**                    )   **Case No.  2002075201**
                                        )
11              **Plaintiff,**          )
                                        )
12         **vs.**                      )
                                        )
13  **PIER 1 IMPORTS and DOES 1-50,**   )   **NOTICE TO ADVERSE PARTY OF**
    **Inclusive,**                      )   **REMOVAL OF CIVIL ACTION TO THE**
14                                      )   **UNITED STATES DISTRICT COURT**
                **Defendants.**         )   **PURSUANT TO 28 U.S.C. §1441(B)**
15                                      )
                                        )
16                                      )
                                        )
17

18         TO PLAINTIFF AND HER ATTORNEY OF RECORD ROBERT G. SCHOCK, LAW

19  OFFICE OF ROBERT G. SCHOCK, 1970 BROADWAY, SUITE 1200, OAKLAND,

20  CALIFORNIA  94612:

21         NOTICE IS HEREBY GIVEN that a Notice of Removal of the above-entitled action

22  from the Superior Court of the State of California, County of Alameda, to the United States

23  District Court for the Northern District of California, was duly filed this day, April 2, 2003 in

24  the United States District Court for the Northern District of California.

25         A true and correct copy of the Notice of Removal filed with the United States District

26  Court for the Northern District of California is attached hereto as Exhibit "A".

27

28

AKIN GUMP STRAUSS HAUER & FELD LLP
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

EXHIBIT B   p. 25

1    DATED: April 2, 2003        AKIN GUMP STRAUSS HAUER & FELD LLP

2                                   Roland M. Juarez

3

4                                    By: _____

5                                          Roland M. Juarez

6                                   Attorneys for Defendant

                                       PIER 1 IMPORTS (U.S.), INC.

7    #651854

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKIN GUMP STRAUSS HAUER & FELD LLP
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

EXHIBIT B  p.26

**PROOF OF SERVICE**

STATE OF TEXAS, COUNTY OF DALLAS

I am employed in the County of Dallas, State of Texas. I am over the age of 18 and not a party to the within action; my business address is: 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201. On April 2, 2003, I served the foregoing document(s) described as: **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §1441(B)** on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes ☐ as follows: ☐ as stated on the attached mailing list:

        Robert G. Schock
        Law Office of Robert G. Schock
        1970 Broadway, Suite 1200
        Oakland, CA 94612

☒ BY MAIL (*C.C.P. § 1013(a)*) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. postal service. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Dallas, Texas in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY EXPRESS MAIL (*C.C.P. § 1013(c)*) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with Federal Express. Under that practice it would be deposited with Federal Express on that same day thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY PERSONAL SERVICE (*C.C.P. 1011(a); Los Angeles County Local Rule 9.8(d)*) I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

        Executed on April 2, 2003 at Dallas, Texas.

Marcia N. Jackson                 [Signature]

EXHIBIT B     P.27

AKIN GUMP STRAUSS HAUER & FELD LLP
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
Roland M. Juarez (CA SBN 160793)
2  1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675
3  Telephone:    (214) 969-2800
Facsimile:    (214) 969-4343
4

5  Attorneys for Defendant
PIER 1 IMPORTS (U.S.) INC.
6

7

8  <center>**CALIFORNIA SUPERIOR COURT**</center>

<center>**COUNTY OF ALAMEDA**</center>
9

10

11  KAREN CRAIG,                              )  Case No.  2002075201
                                            )
12          Plaintiff,                       )
                                            )
        vs.                                 )
13                                           )
    PIER 1 IMPORTS and DOES 1-50,           )  **DEFENDANT'S NOTICE TO STATE**
14  Inclusive,                              )  **COURT OF REMOVAL**
                                            )
15          Defendants.                      )
                                            )
16                                           )
                                            )
17  _____     )

18  <center><u>**NOTICE OF REMOVAL TO FEDERAL COURT**</u></center>

19          PLEASE TAKE NOTICE that a Notice of Removal was filed on April 2, 2003 with the

20  Clerk of the United States District Court for the Northern District of California.  By the Notice

21  of Removal, Case No. 2002075201 has been removed from the Superior Court of the State of

22  California, in and for the County of Alameda, to the United States District Court for the

23  Northern District of California.  A copy of the Notice of Removal that was filed in Federal

24  Court is attached as "Exhibit 1."  Defendant further certifies that counsel for Plaintiff has been

25  notified of this removal and has been served with a copy of Exhibit 1.

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

**DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL**

#652474

EXHIBIT B

P. 28

*(vertical text in left margin)* AKIN GUMP STRAUSS HAUER & FELD LLP  2029 CENTURY PARK EAST  SUITE 2400  LOS ANGELES, CA 90067

DATED:  April 2, 2003

AKIN GUMP STRAUSS HAUER & FELD LLP
Roland M. Juarez

By:

Roland M. Juarez

Attorneys for Defendant
PIER 1 IMPORTS (U.S.), INC.

AKIN GUMP STRAUSS HAUER & FELD LLP
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

**DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL**

#652474

EXHIBIT B

p. 29

**PROOF OF SERVICE**

STATE OF TEXAS, COUNTY OF DALLAS

I am employed in the County of Dallas, State of Texas. I am over the age of 18 and not a party to the within action; my business address is: 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201. On April 2, 2003, I served the foregoing document(s) described as: **DEFENDANT'S NOTICE OF REMOVAL** on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes ☐ as follows: ☐ as stated on the attached mailing list:

> Robert G. Schock
> Law Office of Robert G. Schock
> 1970 Broadway, Suite 1200
> Oakland, CA 94612

☒ BY MAIL (*C.C.P. § 1013(a)*) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. postal service. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Dallas, Texas in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY EXPRESS MAIL (*C.C.P. § 1013(c)*) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with Federal Express. Under that practice it would be deposited with Federal Express on that same day thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY PERSONAL SERVICE (*C.C.P. 1011(a); Los Angeles County Local Rule 9.8(d)*) I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

> Executed on April 2, 2003 at Dallas, Texas.

_____          _____
Marcia N. Jackson                          [Signature]

AKIN GUMP STRAUSS HAUER & FELD LLP
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

EXHIBIT B

P. 30